**United States Bankruptcy Court**
**District of New Jersey**
**Mitchell H. Cohen U.S. Courthouse**
**P.O. Box 2067**
**Camden, New Jersey   08101-2067**

JUDITH H. WIZMUR                                                                                                          (856) 757-5126
BANKRUPTCY JUDGE

August 2, 2005

Steven H. Untracht, M.D., Ph.D.
123 Tank Drive
Johnstown, PA   15904-3223

Carl J. Valore
400-199 New Road, Suite 61
Linwood, New Jersey   08221

      Re:    Steven H. Untracht v. Carl J. Valore
                Case No. 04-21795/JHW
                Adver. No. 04-2026
                **LETTER OPINION**

Dear Dr. Untracht and Mr. Valore:

      In this adversary proceeding, the debtor/defendant, Carl J. Valore, seeks to dismiss the plaintiff's adversary complaint on several grounds.  The plaintiff opposes the dismissal, and counters with a motion for relief from the automatic stay to allow a pending Superior Court matter to proceed to resolve the complaint against Mr. Valore, including allegations of fraud against him.  For the reasons expressed below, the plaintiff's motion for relief from the stay to permit the pending Superior Court matter to proceed to judgment is granted.

      The debtor, Carl J. Valore, filed a Chapter 7 bankruptcy case on April 6, 2004.  The plaintiff filed an adversary proceeding on June 9, 2004 objecting to the discharge of the debt allegedly due to him from the debtor.  The complaint

asserts a claim against the debtor on the basis of non-dischargeable fraud under 11 U.S.C. § 523(a)(2), and relies on the claims asserted against the debtor in a civil suit filed in August 2002 in Superior Court of New Jersey, Atlantic County, Law Division, Docket No. ATL-L-2908-02 ("Superior Court complaint"). On June 27, 2005, the debtor moved to dismiss the complaint. The plaintiff responded with a cross motion to lift the automatic stay, asserting principles of judicial economy. The plaintiff contends that if he prevails on his complaint before the state court, he will be entitled to collateral estoppel on the question of nondischargeability under sections 523(a)(2), (a)(4) and (a)(6).

Under 11 U.S.C. § 362(d)(1), relief from the stay may be granted "for cause". The concept of relief "for cause" is a flexible one. See In re Telegroup, Inc., 237 B.R. 87, 91-92 (Bankr. D.N.J. 1999) ("estimations of 'cause' warranting stay relief intentionally involve a 'broad and flexible inquiry', which permits the bankruptcy court, as a matter of equity, to respond to inherently fact-sensitive situations"); In re Bell, 215 B.R. 266, 275 (Bankr. N.D.Ga. 1997). Relief is frequently granted "for cause" to allow litigation to continue in another forum, particularly where the matter is ready for trial. See, e.g., In re Garzoni, 35 Fed.Appx. 179, 181 (6th Cir.), cert. denied, 537 U.S. 1036, 123 S. Ct. 553, 154 L.Ed.2d 455 (2002) ("The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the

resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors."); Wynn v. Nationwide Ins. Co., 175 F.3d 1009, 1999 WL 106218, *1 (2d Cir. 1999); In re Wintroub, 283 B.R. 743, 745 (8th Cir. BAP 2002). The principle here is one of judicial economy.

In this case, the Superior Court complaint has been pending for nearly three years. Substantial pretrial activity has been supervised by the Superior Court, including the dismissal of all defendants except the debtor from the case. The issues involve legal malpractice, breach of contract, attorney-client privilege and state rules of professional conduct. The state court is well situated to resolve this complaint. However, a complication is presented on the issue of stay relief here.

It is generally recognized that the bankruptcy court has exclusive jurisdiction to resolve an objection to the discharge of a debt under 11 U.S.C. § 523(a)(2). See, e.g., Whitehouse v. LaRoche, 277 F.3d 568, 578 (1st Cir. 2002) ("the bankruptcy court exercises exclusive jurisdiction" over the "four 'waivable' exceptions to discharge identified in Bankruptcy Code § 523(a)(2), (4), (6), and (15)"); Rein v. Providian Financial Corp., 270 F.3d 895, 904 n.15 (9th Cir. 2001);

In re Halpern, 810 F.2d 1061, 1064 (11th Cir. 1987).  See also FED.R.BANKR.P. 4007 Adv. Comm. Note (1983) ("The bankruptcy court has exclusive jurisdiction to determine dischargeability of [§ 523(a)(2)] debts."); 4 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 523.03 at 523-18 (15th Ed. Rev. 2005) ("the bankruptcy court has exclusive jurisdiction of dischargeability determinations under section 523(a)(2), (4), (6) and (15).").  Even if the state court were to find the debtor liable for fraud, the question of nondischargeability would still have to be resolved by this court.  "Such a determination would require me to look behind the state court judgment, examine the facts and decide which elements of the claim for nondischargeability had been pled in the superior court, which were actually litigated, and whether their determination was critical and necessary to the superior court judgment."  In re Strode, No. 92042515, 1993 WL 13004594, *3 (Bankr. S.D.Ga. Dec. 29, 1993).

There is no question that principles of collateral estoppel apply in bankruptcy, see Grogan v. Garner, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 112 L.Ed.2d 755 (1991); Brown v. Felsen, 442 U.S. 127, 139 n.10, 99 S. Ct. 2205, 2213 n.10, 60 L.Ed.2d 767 (1979) (applying collateral estoppel to nondischargeability proceeding), although it remains the function of the bankruptcy court to evaluate whether the facts and determinations made in the state court rise to the level of nondischargeability for purposes of section 523.

For example, to establish nondischargeability under section 523(a)(2)(A), the plaintiff must show that:

> (1) the debtor made the misrepresentations;
>
> (2) that at the time he knew they were false;
>
> (3) that he made them with the intention and purpose of deceiving the creditor;
>
> (4) that the creditor justifiably relied on such representations, and
>
> (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

In re Acosta, 406 F.3d 367, 372 (5th Cir. 2005); In re Spigel, 260 F.3d 27, 32 (1st Cir. 2001); In re Harmon, 250 F.3d 1240, 1246 (9th Cir. 2001).  To satisfy section 523(a)(2), the plaintiff must also prove its case by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 287-88, 111 S. Ct. 654, 659-60, 112 L.Ed.2d 755 (1991); In re Church, --- F.3d ----, 2005 WL 1719838, *2 (8th Cir. Jul. 26, 2005); In re Hilley, 124 Fed.Appx. 81, 83 (3d Cir. 2005).  To the extent that the state court judgment conforms to this standard, collateral estoppel would be applicable.

On this record, I conclude that the extensive pretrial history of this matter before the Superior Court, as well as the substantial overlapping of issues between the cause of action for fraud asserted in Count 3 of the Superior Court

complaint and the adversary proceeding supports a determination that cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the stay to allow this complaint to be litigated in Superior Court. Once a judgment has been reached before the state court, the parties may return to this court for a final determination of nondischargeability, depending on the outcome of the state court proceeding.

An order granting the plaintiff's request for relief from the stay is enclosed. The defendant's motion to dismiss is denied without prejudice.

Very truly yours,

JUDITH H. WIZMUR
U.S. BANKRUPTCY JUDGE

Enclosure
JHW:tob